# Philadelphia Dressed Beef Co. v. Zoning Board of Adjustment

*Gordon Cavanaugh*, for appellee.
*Irvin Stander*, for appellant.

Bok, P. J., October 31, 1957.—This is an appeal from the refusal of the zoning board of adjustment to

allow appellant to use its lots for parking the cars of its employes.

Appellant owns and operates a slaughterhouse and meatpacking plant on the south side of Moore Street, Philadelphia, in an area zoned "general industrial." Immediately across Moore Street are three lots also owned by appellant and now vacant; it is these three that appellant wants to use for parking. The lots are in an area zoned "D-1 residential".

Appellant's slaughterhouse is permitted as a nonconforming use because it antedated the Zoning Ordinance of 1933.

The board treated the case as one involving a certificate rather than a variance. This is because of section 14-1402 of the code, which provides for a certificate for parking lots in commercial districts and in residential districts other than those designated "AA", "A" or "B".

Appellant argues that the board may not refuse a certificate without abusing its discretion because the code sets up criteria in section 14-1802(3)(c) and that these criteria are met here. The third criterion, however, is so general that both sides can find support in it. It is "the promotion of health and the general welfare". There is evidence that a church abuts the lots on one side, and it takes no great stretch of imagination to conclude that the presence of trucks full of cattle and other deliveries could disturb the neighborhood and perhaps endanger and distract the children and attenders at church functions. Appellant agrees to have the parking facilities restricted to the cars of employes and to eliminate the possible element of delivery trucks and bellowing animals. This seems merely to beat the devil around the bush.

The vital consideration is that appellant's nonconforming slaughterhouse is in a district zoned one way

("general industrial") and its lots are across the street in a district zoned quite differently ("D-1 Residential").

Far from its being arbitrary, capricious or an abuse of discretion, the board's determination not to allow nonconforming uses to spread, especially across streets and boundaries between zoning districts, represents a substantial philosophy towards zoning. It goes beyond the instant case and is a reasonable reaction to general zoning problems.

Appellant cites Levinson v. Power, 3 D. & C. 2d 170 (1955), and Schaub Appeal, 180 Pa. Superior Ct. 105 (1955), but a glance at them distinguishes them. The Levinson case involves an addition to an existing restaurant on, of course, adjacent ground. The Schaub case also involves contiguous ground and a vital traffic problem whose solution was of obvious necessity to the community.

We see no reason to disturb the board's action. The appeal is accordingly dismissed.